UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR., # 365065,

       Petitioner,

                              CASE NO. 09-CV-14910
v.                           HONORABLE JOHN CORBETT O'MEARA

RAYMOND BOOKER,

       Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

### I. INTRODUCTION

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Robert Lee Childress, Jr. ("Petitioner") asserts that he is being held in violation of his constitutional rights. Petitioner challenges his Wayne County Circuit Court guilty plea convictions for two counts of larceny by conversion - $20,000 or more, Mich. Comp. Laws § 750.362a(2)(a), for which he was sentenced to two to 10 years imprisonment in 2002. Petitioner raises claims of actual innocence, illegal search and seizure, withholding of exculpatory evidence, ineffective assistance of trial and appellate counsel, denial of the right to appeal, police and prosecutorial misconduct, cruel punishment, and violations of due process and equal protection. For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies and dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to

1

proceed *in forma pauperis* on appeal.

## II. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. He admits in his petition that "none of the grounds were presented" to the state courts for review. He has thus failed to exhaust his habeas claims in the Michigan courts before proceeding in this Court on federal habeas review.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted issues in the state appellate courts as necessary. Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review

Petitioner's unexhausted issues, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he litigates those claims in this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

### III.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies as to the claims contained in his petition. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of the petition.[1]

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as

---

[1] The Court notes, however, that Petitioner's claims may also be barred by the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d)(1).

3

any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

**SO ORDERED.**


s/John Corbett O'Meara
United States District Judge


Date:  December 30, 2009



I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 30, 2009, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager